# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 902 | **DATE** | April 14, 2008 |
| **CASE TITLE** | Demetrius D. Hemphill (#2005-0068708) v. Sgt. Skinner, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [6] is granted. The Court authorizes Cook County Jail officials to deduct $11.66 from Plaintiff's account. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. The Clerk shall issue summonses to defendants Skinner, Hopkins, and McNamara and attach a Magistrate Judge Consent Form to the summons for each defendant, and send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Defendant Tom Dart is dismissed from this action.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.66. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

The United States Marshals Service is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff alleges that on November 18, 2007, Sgt. Skinner and Ofc. Hopkins assaulted him while Lt. McNamara stood by. In addition to these officers, Plaintiff has named Tom Dart, the Sheriff of Cook County as a defendant. It is unclear whether Plaintiff is suing Sheriff Dart in his individual or official capacities or both.

An official capacity claim is, in essence, a claim against the governmental entity that employs the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Chortek v. Milwaukee*, 356 F.3d 740, 748 n.4 (7th Cir. 2004). A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) *Chortek*, 356 F.3d at 748.

The Seventh Circuit has determined that a municipality can be said to have violated the rights of a person because of its policy when a widespread practice, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (internal quotation marks and citation omitted). The court has carefully reviewed plaintiff's complaint. Nowhere has Plaintiff alleged that the Cook County Department of Corrections via Sheriff Dart had any express policy that caused or contributed to the alleged assault nor has Plaintiff alleged a custom or usage with force of law that caused or condoned the alleged constitutional violations. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999) (collecting cases). Plaintiff's complaint focuses on the alleged assault that occurred on November 18, 2007, which does not signify an official policy causing the alleged constitutional violation. *See Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995) (a single act of misconduct will not suffice to show the requisite policy or custom). Sheriff Dart therefore cannot be held liable in his official capacity.

An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (*citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Supervisors and others in authority also cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Nowhere in the complaint does Plaintiff state any personal involvement on the part of Sheriff Dart. He therefore cannot be held liable in his individual capacities. Sheriff Dart is accordingly dismissed from this action.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.