UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS DARNELL HEMPHILL, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 157 & 08 C 902 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| OFFICER KEVIN HOPKINS, SGT. THOMAS | ) | |
| SKINNER, BRENDAN LOMBARDI, OFFICER OTIS | ) | |
| NICHOLS, and LIEUTENANT MCNAMARA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 1, 2007, Plaintiff Demetrius Hemphill, then a pretrial detainee in the Cook County Department of Corrections, had a physical altercation in his cell with Defendants Brendan Lombardi and Otis Nichols, both of whom were correctional officers. Nichols says that he hit Hemphill after Hemphill grabbed him and threw liquid into his face. Hemphill recalls things differently, saying that Nichols hit him repeatedly in the face after the two exchanged verbal insults. Lombardi says that when he sought to restrain Hemphill, Hemphill kicked him in the mouth, chipping his tooth; Hemphill says that Lombardi's tooth was chipped prior to the incident. Lombardi and Nichols placed Hemphill in handcuffs and took him to receive medical treatment. According to Hemphill, Nichols punched him in the head at least three times on the way to the infirmary, causing several lost teeth and injuries to his head, ribs, back, and legs.

In January 2008, Hemphill brought this excessive force suit under 42 U.S.C. § 1983 against Lombardi and Nichols. The case (08 C 157) was stayed pending resolution of state criminal proceedings against Hemphill arising out of the June 2007 altercation. Docs. 18-19, 23.

-1-

On May 15, 2009, the state court found Hemphill guilty of three counts of battery and sentenced him to several years in state prison. With the criminal proceedings concluded, the stay was lifted. In the meantime, Hemphill brought another suit (08 C 902) alleging excessive force by different officers at a different time, and the two cases were consolidated. Doc. 38. (All record citations are to Case 08 C 157.) Hemphill filed an amended complaint combining his claims from both suits. Doc. 46. Count I, which encompasses the claims from Case 08 C 157, alleges that Nichols and Lombardi used excessive force against Hemphill on June 1, 2007. Count II, which encompasses the claims from Case 08 C 902, pertains to the other incident involving the other officers.

Lombardi and Nichols have moved for summary judgment on Count I. They assert three separate grounds: (1) the bar imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) collateral estoppel; and (3) qualified immunity. Hemphill concedes he cannot prevail against Lombardi. Doc. 95 at 1, 3 n.1. For the following reasons, summary judgment is denied as to Nichols.

I.   **The *Heck* Doctrine**

*Heck* precludes a § 1983 claim when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence has been set aside by appeal, collateral review, or pardon. 512 U.S. at 487; *see also Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008). Thus, to determine whether *Heck* bars Hemphill's excessive force claim, the court asks whether the claim, if successful, necessarily would imply the invalidity of any of his battery convictions. Settled precedent is clear: *Heck* does not bar an excessive force claim if the plaintiff, putting aside any challenge to his conviction, proceeds on the theory that the degree of force applied was unreasonable under the circumstances.

The point is illustrated by *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). The § 1983 plaintiff in *Evans* alleged that he "was beaten mercilessly [by the defendant police officers] both before and after the officers gained custody of him." *Id*. at 363. The Seventh Circuit held that *Heck* barred the plaintiff from pursuing an excessive force claim premised on the theory "that he did not resist being taken into custody," for that theory would be "incompatible" with the plaintiff's resisting arrest conviction. *Id*. at 364. But the court held that *Heck* would not bar the excessive force claim if the plaintiff proceeded on the theories "that the police used excessive force to effect custody" and "that the police beat him severely even after reducing him to custody," for those theories would be "entirely consistent" with the conviction. *Ibid*. The Seventh Circuit allowed the plaintiff to pursue his excessive force claim because he was willing to proceed only on the permissible theories. *Ibid*.; *see also Hardrick v. City of Bolingbrook*, 522 F.3d 758, 764 (7th Cir. 2008) ("The fact that Hardrick struggled while being handcuffed at one point in time does not preclude the possibility that at another point in time, Hardrick was peaceably waiting to be handcuffed. Whether a fact-finder would find this scenario plausible is not for us to conclude, but in terms of *Heck*, it is not one that necessarily implies the invalidity of the conviction, and does not bar Hardrick's excessive force claim.") (internal quotation marks omitted); *Gilbert*, 512 F.3d at 901 ("*Heck* … do[es] not affect litigation about what happens after the crime is completed. Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but *whether* the force was reasonable is a question that may be litigated without transgressing *Heck*.").

Another illustrative case is *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003). The plaintiff in *Okoro* had been convicted of selling drugs to an undercover officer; his civil suit alleged that he was trying to sell jewels, not drugs, and that the police stole his jewels. The

Seventh Circuit held that the civil claim was incompatible with the conviction: "Although [the plaintiff] might have tried to argue that he offered *both* drugs and gems, and that the officers bought the former while stealing the latter—or that he sold drugs on one occasion while offering jewels on another—he insisted that his inventory was jewelry and nothing else." *Gilbert*, 512 F.3d at 902 (discussing *Okoro*). And because the claim was incompatible with the conviction, it was barred by *Heck*. *Okoro*, 324 F.3d at 490.

Here, although Hemphill denies the facts underlying his batter conviction, Doc. 96 at ¶¶ 19-21, 24, 26, 28-29, 31, he also contends that no matter what sparked the June 2007 incident, Nichols responded with unconstitutionally excessive force. Doc. 95 at 2, 3. That makes this case like *Evans*, *Hardrick*, and *Gilbert*, where *Heck* was held not to apply, not like *Okoro*. "An argument along the lines of 'The guards violated my rights by injuring me, whether or not I struck first' does not present the sort of inconsistency that" warrants application of the *Heck* doctrine. *Gilbert*, 512 F.3d at 902; *see also McCann v. Nielsen*, 466 F.3d 619, 621 (7th Cir. 2006) (a plaintiff convicted of assaulting or battering a police officer may bring a § 1983 action "for excessive force stemming from the same confrontation" so long as the civil claim does not necessarily undermine the validity of the criminal conviction). It follows that Hemphill's excessive force claim is not barred by *Heck*. *See Van Gilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) ("Were we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages."); *Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005) ("Brengettcy is not barred by *Heck* because his challenge that Horton used *excessive* force after he hit Horton does not undermine Brengettcy's conviction or punishment for his own acts of aggravated battery."); *Elcock v. Whitecotton*, 434 F. App'x 541, 542-43 (7th

Cir. 2011) ("a claim of excessive force … , if proved, will not undermine a finding that the plaintiff attacked or wrongly resisted a police officer or prison guard"); *Gregory v. Oliver*, 226 F. Supp. 2d 943, 952 (N.D. Ill. 2002) ("it is obvious that the conviction of aggravated assault for an attempted kick would not necessarily preclude an excessive force claim"); *Rosenbach v. Nordstrom*, 2001 WL 199795, at *4 (N.D. Ill. Feb. 22, 2001) ("it is entirely possible to find both that Rosenbach committed battery and that [the police officer's] use of force in restraining Rosenbach after the battery was excessive").

To avoid offending *Heck*, Hemphill need not go so far as to "confess" to the battery charges of which he was convicted. *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). Hemphill should not take this as an invitation to dispute his criminal convictions or their factual predicates before or during trial. If Hemphill does so, the court will implement *Heck* "through instructions to the jury at the start of trial, as necessary during the evidence, and at the close of the evidence" informing the jury that the essential facts underlying Hemphill's battery conviction may not be contested. *Ibid.* (quoting *Gilbert*, 512 F.3d at 902). Specifically, the jury will be told that Hemphill indeed struck Nichols during the June 2007 incident, that he was not justified in doing so, and that "any statements to the contrary by [Hemphill, his lawyer,] or a witness must be ignored, and that what the jurors need[] to determine [is] whether the guards used more force than was reasonably necessary to protect themselves from an unruly prisoner." *Ibid.* (quoting *Gilbert*, 512 F.3d at 902).

II.     **Collateral Estoppel**

Nichols next argues that Hemphill's excessive force claim is barred by collateral estoppel because the state criminal judgment establishes that Hemphill "acted without legal justification in his battery" of Nichols and Lombardi. Doc. 90 at 11. "Whether a plaintiff's § 1983 claim is

barred by a state court conviction is determined by the state's rules of collateral estoppel." *Brown v. City of Chi.*, 599 F.3d 772, 774 (7th Cir. 2010) (citing 28 U.S.C. § 1738). In Illinois, issue preclusion applies if: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom the estoppel is asserted was a party or in privity with a party to the prior adjudication." *Bajwa v. Metro. Life Ins. Co.*, 804 N.E.2d 519, 532 (Ill. 2004).

As Nichols concedes, the question whether he used excessive force *after* Hemphill battered him was not presented to or decided by the state criminal court. Doc. 90 at 11 (arguing that there was no excessive force "at least during the time prior and during [Hemphill's] battery"). Nichols' concession is correct, as the state court did not decide—and had no occasion to decide—whether Nichols used excessive force on Hemphill after Hemphill had committed battery. This means that collateral estoppel does not bar Hemphill's allegations of post-battery excessive force: the issues decided in the criminal case were not identical to those here, and the criminal case did not produce a final adjudication on the post-battery excessive force issue.

The same holds for the portion of Hemphill's claim that Nichols used excessive force before Hemphill completed his battery. The state court's rejection of Hemphill's submission that he acted in self-defense, and therefore that he was not guilty of battery, "determined only that [Hemphill] was not legally justified in hitting [Nichols]. It implied nothing about the degree of force [Nichols] was allowed to use in responding to [Hemphill's] assault." *Brengettcy*, 423 F.3d at 683; *see also Wilson v. Keske*, 2010 WL 4065665, at *4 (N.D. Ill. Oct. 15, 2010) (rejecting the defendant officer's invocation of collateral estoppel in an excessive force case because "the issues are not identical. The criminal case focused on [plaintiff's] treatment of

-6-

[the] officer … . In contrast, the focus of the § 1983 claims in the instant proceeding is on [the officer's] treatment of [the plaintiff], and whether it was excessive under the circumstances"); *Corbett v. Biggs*, 2005 WL 991903, at *5 (N.D. Ill. Mar. 23, 2005) (same); *Rosenbach*, 2001 WL 199795, at *5 (same). It follows that collateral estoppel does not bar any component of Hemphill's excessive force claim.

### III.     Qualified Immunity

Nichols contends that he is entitled to qualified immunity on Hemphill's excessive force claim. Stripped of its boilerplate, Nichols' entire qualified immunity argument reads: "As stated *supra* in Part II [regarding collateral estoppel], Plaintiff cannot challenge the conduct of Lombardi and Nichols while they were trying to detain him following Plaintiff's battery on Nichols. As a result, Nichols and Lombardi should be entitled to qualified immunity for any injuries incurred during the course of restraining Plaintiff incidentally and contemporaneous to Plaintiff's battery on Nichols and Lombardi." Doc. 90 at 13; *see also* Doc. 98 (reply brief does not mention qualified immunity). Nichols' qualified immunity argument, then, is predicated entirely on his collateral estoppel argument. Because the collateral estoppel argument is without merit, so, too, is the qualified immunity argument. Nichols has forfeited any other contentions he might have made in support of qualified immunity. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue .…") (citations omitted).

### Conclusion

For the foregoing reasons, the motion for summary judgment on Count I is granted in part (as to the claim against Lombardi) and denied in part (as to the claim against Nichols).

Judgment is granted to Lombardi, who is terminated as a party defendant. Count I will proceed to trial against Nichols.

December 7, 2011

_____
United States District Judge